ABRAHAM M. VIVIEN *vs.* WILLIAM A. CORBIN

1. PLEADING—ADMISSIONS BY DEMURRER.
   A demurrer admits material revelant facts well pleaded.

2. PLEADING—DEMURRER—MATTER OUTSIDE PLEADING.
   In action for breach of covenant of warranty in a deed reciting that it was given in lieu of a lost deed, a general demurrer does not raise the question as to whether defendant was liable on the covenant of a deed executed after he had parted with the title by a former lost deed, and after he had delivered possession of the land conveyed to the grantee, as such contention presented matter not pleaded.

*(February* 7, 1919.)

BOYCE, J., sitting.
*Frank M. Jones* for plaintiff.
*Robert G. Houston* for defendant.
Superior Court for Sussex County, February Term, 1919.

FOREIGN ATTACHMENT, No. 4, April Term, 1918.

Action by Abraham Vivien against William A. Corbin. Defendant appeared and filed a general demurrer. Demurrer overruled.

Action begun by foreign attachment by Abraham M. Vivien against William A. Corbin. Plaintiff filed declaration in covenant for breach of warranty of title to real estate.

It was alleged in the declaration that heretofore, to wit, on the twentieth day of September, A. D. 1909, the said William A.

Corbin by his certain deed of bargain and sale, etc., did, in consideration of, etc., grant, etc., unto the said plaintiff, his heirs and assigns forever, a certain tract, etc.

The warranty in said deed was averred as follows:

And the said defendant, by the said deed, for himself, and his heirs, did covenant with the said plaintiff, his heirs and assigns, that the said defendant and his heirs would warrant and forever defend the title to the said tract * * * unto the said plaintiff, his heirs and assigns, against him, the said defendant, his heirs, and against all and every other person or persons whomsoever lawfully claiming or to claim the same, or any part thereof. * * *

The breach of covenant was averred in terms as broad as the warranty, in this:

That at the time of making the said deed a certain Hattie H. Cannon was entitled in fee simple to the whole of the said tract of land in said deed described, by a good title older and better than the title of the said defendant, and that in consequence and by reason thereof, the said plaintiff hath been disturbed in and evicted from the possession and enjoyment of the whole of the said tract. * * *

No question was raised as to the sufficiency of the declaration on its face. The objection made was that the action was for a breach of covenant of the warranty contained in a second deed from the defendant to the plaintiff for the same lands, after the plaintiff had entered into possession thereof, and after discovering that the first deed between the parties therefor, duly executed and delivered, had been lost. And it was argued that the plaintiff could not maintain an action for a breach of the warranty contained in the second deed; for the reason that the defendant had divested himself of all title in and to the said lands by his first deed to the plaintiff, and that at the time of making the second deed there was no interest in the defendant in said lands necessary to support the covenant of warranty in said deed.

It was admitted that the only deed which the plaintiff has for said lands has indorsed thereon, below the names of the witnesses and the grantor and above the certificate of acknowledgment, these words:

"This deed was given in lieu of one lost or misplaced, dated December 28, 1907."

Opinion.

.But it was claimed that the question raised cannot be reached by demurrer.

BOYCE, J., delivering the opinion:

[1, 2] The defendant has filed a general demurrer to the one count in the declaration. A demurrer admits material, relevant facts well pleaded. *Rowbotham v. Pearce*, 5 *Houst.* 139. A general demurrer is directed to the substance of the facts stated in the pleading; that is, to their sufficiency in law. So that the issue raised here is confined to the legal sufficiency of the facts alleged in the declaration. From anything appearing on the face of the declaration, the plaintiff has averred facts sufficient to support his cause of action. The objection made involves matter aliunde the pleading, and it cannot be determined at this stage without, at least, the consent of the parties.

The demurrer is overruled.